IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED and SECOND AMENDMENT FOUNDATION, INC., | § § § | |
| *Plaintiffs*, | § § | |
| vs. | § § | |
| GURBIR GREWAL, in his official capacity as the State of New Jersey's Attorney General; MICHAEL FEUER, in his official capacity as the City of Los Angeles, California's City Attorney; ANDREW CUOMO, in his official capacity as the State of New York's Governor; MATTHEW DENN, in his official capacity as the State of Delaware's Attorney General; JOSH SHAPIRO, in his official capacity as the Commonwealth of Pennsylvania's Attorney General; and THOMAS WOLF, in his official capacity as the Commonwealth of Pennsylvania's Governor, | § § § § § § § § § § § § § § § | Civil Action No. 1:18-CV-637 |
| *Defendants*. | § | |

## DEFENDANTS THOMAS WOLF AND JOSH SHAPIRO'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................................. 1

II.    ARGUMENT AND AUTHORITIES ................................................................. 2

    A.    The Court Lacks Personal Jurisdiction Over the Pennsylvania Defendants ............... 2

        1.    The Pennsylvania Defendants are not judicially estopped from contesting personal jurisdiction ................................................................. 2

        2.    Plaintiffs have not brought suit based upon a federal statute providing for nationwide service of process ................................................... 3

        3.    None of the Pennsylvania Defendants' actions constitute purposeful contacts with Texas ........................................................................ 4

    B.    The Court Lacks Subject Matter Jurisdiction ................................................. 5

        1.    Plaintiffs seek retroactive relief for past conduct ................................. 5

        2.    Plaintiffs' claims are not ripe ............................................................. 6

    C.    Venue is Improper in the Western District of Texas ....................................... 7

    D.    Dismissal is Warranted Under the Noerr-Pennington Doctrine ......................... 7

    E.    Plaintiffs' Suit is a Collateral Attack on the Washington Suit Preliminary Injunction ...................................................................................... 9

    F.    No Additional Leave to Amend is Warranted ................................................ 9

III.    CONCLUSION .................................................................................................. 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bayou Fleet, Inc. v. Alexander*,
   234 F.3d 852 (5th Cir. 2000) ..................................................................................8

*Bellaire Gen. Hosp. v. Blue Cross Blue Shield*,
   97 F.3d 822 (5th Cir. 1996) ....................................................................................4

*Google, Inc.*, 822 F.3d at 227 ........................................................................................6

*Lapides v. Bd. of Regents of Univ. Sys. of Ga.*,
   535 U.S. 613 (2002) ...............................................................................................5

*Luallen v. Higgs*,
   277 F. App'x 402, 404 (5th Cir. 2008) ..................................................................4

*Mariana v. Fisher*,
   338 F.3d 189, 200 (3d Cir. 2003) ..........................................................................9

*Miller v. Meinhard-Commercial Corp.*,
   462 F.2d 358 (5th Cir. 1972) ..................................................................................9

*Mink v. AAAA Development LLC*,
   190 F.3d 333 (5th Cir. 1999) ..................................................................................3

*Morales v. Transworld Airlines*,
   504 U.S. 374 (1992) ..........................................................................................6,7,8

*Morrison v. Baton Rouge*,
   761 F.2d 242 (5th Cir. 1985) ................................................................................10

*NRA of Am., Inc. v. McCraw*,
   719 F.3d 338 (5th Cir. 2013) ..................................................................................8

*Pennsylvania, et al. v. Defense Distributed, et al.*,
   No. 2:18-cv-03208-PD (E.D. Pa. filed Jul. 29, 2018), Dkt. No. 7 .....................2-3

*Reed v. City of Arlington*,
   650 F.3d 571 (5th Cir. 2011) ..................................................................................2

*Revell v. Lidov*,
   317 F.3d 467 (5th Cir. 2002) ..................................................................................4

*Sangha v. Navig8 Shipmanagement Private Ltd.*,
   882 F.3d 96 (5th Cir. 2018) ....................................................................................3

*Seals v. McBee*,
    898 F.3d 587 (5th Cir. 2018) .................................................................8

*Speaks v. Kruse*,
    445 F.3d 396 (5th Cir. 2006) .................................................................8

*Stroman Realty, Inc. v. Wercinski*,
    513 F.3d 476 (5th Cir. 2008) .................................................................4

*Vantage Trailers, Inc. v. Beall Corp.*,
    567 F.3d 745 (5th Cir. 2009) .................................................................5

*Verizon Md., Inc. v. Pub. Serv. Com'n of Md.*,
    535 U.S. 635 (2002) .............................................................................5

*Video Int'l Prod., Inc. v. Warner–Amex Cable Communications, Inc.*,
    858 F.2d 1075 (5th Cir.1988), *cert. denied*, 491 U.S. 906, 109 S.Ct. 3189, 105
    L.Ed.2d 697 (1989) ..............................................................................8

*Walden v. Fiore*,
    571 U.S. 277 (2014) .............................................................................3

*Wilmington Tr., Nat'l Ass'n v. Rob*,
    No. 1-15-CV-552 RP, 2015 U.S. Dist. LEXIS 153011 (W.D. Tex. Nov. 12,
    2015) ................................................................................................7-8

*Zurich Am. Ins. Co. v. Texas Concrete & Materials Inc.*,
    982 F. Supp. 2d 714 (W.D. Tex. 2013) ...................................................7

**Statutes**

28 U.S.C. § 1391(b)(2) ..................................................................................7

Administrative Procedures Act ......................................................................9

Airline Deregulation Act of 1978 ..................................................................8

ERISA ........................................................................................................4

Securities & Exchange Act of 1934 ...............................................................4

U.S. Const. Amend. I ...................................................................................8

U.S. Const. Amend. V ...............................................................................3-4

U.S. Const. Amend. XI .................................................................................5

U.S. Const. Amend. XIV ...............................................................................3

**Other Authorities**

Federal Rules of Civil Procedure 12(b)(1) ............................................................................1

Federal Rules of Civil Procedure 12(b)(2) ............................................................................1

Federal Rules of Civil Procedure 12(b)(6) ............................................................................1

Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2) and 12(b)(6), Defendants Thomas Wolf and Josh Shapiro, who have been sued in their official capacities as Governor and Attorney General of the Commonwealth of Pennsylvania (collectively, the "Pennsylvania Defendants"), file their Reply in Support of Their Motion to Dismiss Plaintiffs' Amended Complaint.

## I.
## INTRODUCTION

As demonstrated in their Motion, the Pennsylvania Defendants have taken no action in Texas. Pennsylvania Attorney General Shapiro is alleged to have joined in the lawsuit in the federal district courts of Washington (*See* Plaintiff's First Amended Complaint, Dkt. 23 in C.A. 1:18-CV-637 (WDTx) at ¶¶ 59, 60) and the Pennsylvania Defendants are alleged to have joined in a separate lawsuit in the state of Pennsylvania (*See* Plaintiff's First Amended Complaint, Dkt. 23 in C.A. 1:18-CV-637 (WDTx) at ¶ 89).  The Pennsylvania Defendants are further alleged to have  made two press statements in Pennsylvania about the status and import of that pending litigation and sent a letter to federal officials in Washington D.C. ***That is it.***

Plaintiffs' elusive arguments based upon "judicial estoppel" and "nationwide" personal jurisdiction do not alter the fact that the Pennsylvania Defendants lack minimum contacts sufficient to establish personal jurisdiction over them in Texas.

The Response also makes clear that this is a lawsuit about a lawsuit. The preliminary injunction entered by the Hon. Robert Lasnik of the Eastern District of Washington is the singular act referenced in the Amended Complaint that impedes Plaintiffs from engaging in the conduct that they request this Court to allow. Plaintiffs, in no uncertain terms, ask this Court to overrule an injunction already issued by a court of equal dignity, and to moot the Pennsylvania Defendants ability to petition the federal government, on behalf of Pennsylvanians, on matters of significant public concern. A more legally infirm request is unimaginable.

For the reasons stated below, and discussed in more detail in their Motion, the Court should dismiss all claims against the Pennsylvania Defendants with prejudice.

## II.
## ARGUMENT AND AUTHORITIES

**A.   The Court Lacks Personal Jurisdiction Over the Pennsylvania Defendants.**

1.   The Pennsylvania Defendants are not judicially estopped from contesting personal jurisdiction.

In their Response, Plaintiffs contend that the Pennsylvania Defendants are judicially estopped from contesting personal jurisdiction in Texas, based upon their participation in the Washington and Pennsylvania Lawsuits against Defense Distributed. *See* Response at p. 1-4. This argument cannot be seriously entertained.

Judicial estoppel applies only where "the party against whom [it] is sought has asserted a legal position which is ***plainly inconsistent with a prior position***." *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011) (emphasis added). There is nothing inconsistent with the personal jurisdiction position taken by the Commonwealth of Pennsylvania in the Washington and Pennsylvania Suits, and the personal jurisdiction objections that the Pennsylvania Defendants have raised here. Simply put, whether Defense Distributed[1] maintains minimum contacts with Washington and Pennsylvania (something that it did not contest in either lawsuit), has absolutely nothing to do with whether these Pennsylvania Defendants have such minimum contacts with Texas.

The jurisdictional allegations in the Washington and Pennsylvania Suits were that Defense Distributed operates an interactive website, whereby it reached into Washington and Pennsylvania to conduct its business with residents of those states. *See* Motion, Exhibit A (Washington Complaint) at ¶21 (alleging Defense Distributed "advertises and sells items over the internet . . . including in

---

[1]   With respect to Second Amendment Foundation, it was not a party to the Pennsylvania Suit and personal jurisdiction in the Washington Suit was based upon its physical location in Bellevue, Washington.

Washington"); *see also Pennsylvania, et al. v. Defense Distributed, et al.,* No. 2:18-cv-03208-PD (E.D. Pa. filed Jul. 29, 2018), Dkt. No. 7 (Amended Complaint) at ¶¶9, 15-19 ("On information and belief, Defense Distributed does business in Pennsylvania and with Pennsylvanians through websites."). The subject CAD files are among the many electronic files that Defense Distributed acknowledges are "available for visitors to download." *See* Am. Compl. at ¶11. Where a defendant "does business over the Internet by entering into contracts with residents of other states which involve the knowing and repeated transmission of computer files over the Internet," personal jurisdiction is proper. *See Mink v. AAAA Development LLC*, 190 F.3d 333, 336 (5th Cir. 1999).

Conversely, the Pennsylvania Defendants are not alleged to have engaged in similar e-commerce with Texans, or to have taken any specific actions in Texas. Defense Distributed is impermissibly leveraging its own forum contacts (i.e., its location in Texas) to seek to impose personal jurisdiction on foreign public officials who are alleged to have taken actions exclusively outside of this forum. *See Sangha v. Navig8 Shipmanagement Private Ltd.*, 882 F.3d 96, 103 (5th Cir. 2018) (citing *Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State.")).

Because the Pennsylvania Defendants have not taken conflicting jurisdictional positions in any of the pending lawsuits, Plaintiffs' attempt to establish personal jurisdiction by estoppel is wholly without merit.

2.     Plaintiffs have not brought suit based upon a federal statute providing for nationwide service of process.

Plaintiffs next argue that the Pennsylvania Defendants' contacts (or lack thereof) with Texas are irrelevant, because "the applicable due process limitations are those of the Fifth Amendment – not the Fourteenth Amendment." *See* Response at p. 8-9. According to Plaintiffs, the less stringent

requirements of the Fifth Amendment require only that "a defendant has established minimum contacts with the Nation as a whole—not just Texas." *Id*. at p. 9. This is a misstatement of the law.

The nationwide jurisdiction principle that Plaintiffs reference is relevant only "when a federal court is attempting to exercise personal  jurisdiction over a defendant in a suit ***based upon a federal statute providing for nationwide service of process***." *Luallen v. Higgs*, 277 F. App'x 402, 404 (5th Cir. 2008) (emphasis added) (analyzing defendant's minimum contacts with the United States in case brought under the Securities & Exchange Act of 1934, which expressly provides for nationwide service of process); *Bellaire Gen. Hosp. v. Blue Cross Blue Shield*, 97 F.3d 822, 825 (5th Cir. 1996) (same – in case brought under ERISA). No such statute is implicated here.

3.  None of the Pennsylvania Defendants' actions constitute purposeful contacts with Texas.

As their Motion demonstrates, the Pennsylvania Defendants are alleged only to have engaged in conduct outside of Texas: a letter to State Department officials in Washington, D.C., joining litigation in Washington and Pennsylvania federal court and issuing press releases in Pennsylvania. *See* Am. Compl. at ¶¶56-63, 89-92 and Dkt. Nos. 23-4 & 23-7. In the Response, Plaintiffs attempt to rebrand these foreign activities as Texas contacts by, again, focusing on their own relationship with this forum. *See* Response at p. 6-7 ("Texas is where Defense Distributed is headquartered and where it publishes its website;" "Texas is also where Defense Distributed 'publishes information about firearms at a brick-and-mortar public library in digital formats . . .'"). But the proper jurisdictional focus is on the *Pennsylvania Defendants'* contacts – not the Plaintiffs'. *See Stroman Realty, Inc. v. Wercinski,* 513 F.3d 476, 486 (5th Cir. 2008) ("We have declined to allow jurisdiction for even an intentional tort where the only jurisdictional basis is the alleged harm to a Texas resident."); *see also Revell v. Lidov*, 317 F.3d 467, 473 (5th Cir. 2002) ("The plaintiff's residence in the forum, and suffering of harm there, will not alone support jurisdiction.").

Because the Pennsylvania Defendants did not undertake any concrete, meaningful action in

or directed at Texas personal jurisdiction is lacking.

**B.      The Court Lacks Subject Matter Jurisdiction.**

1.      <u>Plaintiffs seek retroactive relief for past conduct.</u>

The Response argues that the Pennsylvania Defendants' Rule 12(b)(1) motion should be denied because the Amended Complaint alleges purportedly ongoing conduct. *See* Response at p. 10-11. Yet, "[i]n evaluating jurisdiction, the district court must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009).  The evidentiary record before the Court readily shows that the "but for" cause of the alleged harm that Plaintiffs' claim in this suit – i.e., the inability to publish the CAD files – is an injunction entered on July 31, 2018 by the Hon. Robert Lasnik of the Eastern District of Washington. *See* Motion at Exhibits C and E; *see also* Am. Compl. at ¶3.  That past event, according to Plaintiffs, is when "liberty came to a crashing halt." *See* Motion at Exhibit D, p. 13.

Notwithstanding Plaintiffs' conclusory assertion that they seek to remedy ongoing conduct, the fact remains that this suit is merely an impermissible collateral attack on a sister court's past injunction order that prevents Plaintiffs from engaging in the conduct that they ask this Court to permit. Such a claim cannot, under any set of facts, be "*properly* characterized as prospective." *See Verizon Md., Inc. v. Pub. Serv. Com'n of Md.*, 535 U.S. 635, 645 (2002) (emphasis added).[2]

---

[2]      Plaintiffs also argue that the Pennsylvania Defendants have waived and are estopped from asserting Eleventh Amendment immunity by appearing in separate litigation in Washington and Pennsylvania. *See* Response at p. 11, n.9. For support, Plaintiffs rely on *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613 (2002), where the State voluntarily removed a state court lawsuit to federal court and then attempted to assert Eleventh Amendment immunity in the same case.  In that unrelated context, the Supreme Court noted that the "State's voluntary appearance in federal court amount[s] to a waiver." Because the Pennsylvania Defendants did not voluntarily appear *in this case* as the defendant did in *Lapides*, that case is inapplicable.

2.      Plaintiffs' claims are not ripe.

Relying on *Morales v. Transworld Airlines,* 504 U.S. 374, 378-80, 391 (1992), Plaintiffs contend that their claims are ripe because the Pennsylvania Defendants' supposed "enforcement actions are both well-defined and imminent."  *See* Response at p. 13.  This case is distinguishable from *Morales* in multiple ways.

First, much of Plaintiffs' allegations concern generic press statements by the Pennsylvania Defendants that they will enforce the law.  *See, e.g.*, Dkt. No. 23-7 ("we will not be deterred from working to ensure Pennsylvania safety laws are followed . . .").[3]  This is a far cry from Texas' "formal notice of intent to sue" for violations of specific, written guidelines "containing detailed standards governing" air fare advertising that was at issue in *Morales*.  *See* 504 U.S. at 378-80, 391.  *See also, Google, Inc.*, 822 F.3d at 227 ("Unlike with the relief upheld in *Morales*, we do not have a formal notice of intent to sue for specific conduct.").

Second, as the *Morales* court explained, *Ex parte Young* speaks of enjoining state officers "*who threaten and are about to commence proceedings*."  *Morales*, 504 U.S. at 382-83 (emphasis in original). Here, the Pennsylvania Defendants' conduct in the Washington Action was *seeking* an injunction, which has now been granted. What Plaintiffs seek to enjoin is the Washington Court's decision to *enter* an injunction against Defense Distributed and its co-Defendants. The Pennsylvania Defendants requested injunction is not only complete, but protected by *Noerr-Pennington*. That injunction is ongoing is an act by the Washington Court and clearly does not represent conduct by the Pennsylvania Defendants.  As such, what the Plaintiffs at bar seek is clearly a collateral attack on another court's order. Plaintiffs suit, then, is not what the *Morales* court characterized as a "first strike

---

[3]      While the Response references a "cease and desist letter," this appears to be a relic from Plaintiffs' response to motions to dismiss filed by other defendant parties. *See* Response at p. 12. The Pennsylvania Defendants did not send a cease and desist letter to the Plaintiffs and the Amended Complaint does not allege that they did so.

to prevent a State from initiating a suit of its own." *See id.* Here, Plaintiff's suit is nothing more than a retaliatory strike to collaterally attack already pending litigation and an extant injunction, an injunction with which the Plaintiffs disagree.

Accordingly, Plaintiffs' reliance on *Morales* is misplaced, and their claims are not ripe.

## C.    Venue is Improper in the Western District of Texas.

Plaintiffs also respond that venue is proper pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Texas. *See* Response at p. 14-15. This argument fails for substantially the same reasons that this Court lacks personal jurisdiction over the Pennsylvania Defendants – none of the "events or omissions" occurred in Texas. Plaintiffs are again focusing on where they claim to have felt the effects of the Pennsylvania Defendants' non-Texas actions.

This is evident from the single, highly distinguishable case on which Plaintiffs' rely. *Zurich Am. Ins. Co. v. Texas Concrete & Materials Inc.*, 982 F. Supp. 2d 714 (W.D. Tex. 2013) involved a surety bond dispute covering nine construction projects, three of which were located within the Western District of Texas. In that case, the Court denied a motion to dismiss based upon improper venue, finding that a "substantial" portion of the events giving rise to the suit (three of the construction projects) actually were found within the judicial district. *Id.* at 722. That is not the case here, where the Pennsylvania Defendants are not alleged to have engaged in a single, concrete action in Texas, let alone the Western District of Texas.

Thus, *Zurich Am. Ins. Co. v. Texas Concrete & Materials Inc.* is inapplicable and venue is improper under Section 1391(b)(2).

## D.    Dismissal is Warranted Under the *Noerr-Pennington* Doctrine.

Plaintiffs contend in their Response that *Noerr-Pennington* does not extend to Section 1983 actions because the Supreme Court has never addressed the issue. This logic is a red herring. In the

absence of contrary Supreme Court authority, "Fifth Circuit precedent . . . is binding on this [C]ourt." *Wilmington Tr., Nat'l Ass'n v. Rob*, No. 1-15-CV-552 RP, 2015 U.S. Dist. LEXIS 153011, at *6 n.1 (W.D. Tex. Nov. 12, 2015) (Pitman, J.). And the Fifth Circuit has unequivocally (and not "sometimes", as Plaintiffs disingenuously suggest) extended *Noerr-Pennington* to Section 1983 claims. *See, e.g.*, *Video Int'l Prod., Inc. v. Warner–Amex Cable Communications, Inc.*, 858 F.2d 1075, 1082-84 (5th Cir.1988), *cert. denied*, 491 U.S. 906, 109 S.Ct. 3189, 105 L.Ed.2d 697 (1989); *Bayou Fleet, Inc. v. Alexander*, 234 F.3d 852, 860 (5th Cir. 2000).

Plaintiffs also argue that Defendants are not entitled to *Noerr-Pennington* immunity because the doctrine does not bar efforts to stifle *future* First Amendment protected activity, only *past* First Amendment protected activity. But the authorities cited for this proposition state no such thing. For example, *Morales v. Trans World Airlines, Inc.,* 504 U.S. 374, 112 S. Ct. 2031, 119 L. Ed. 2d 157 (1992), addressed whether certain provisions of the Airline Deregulation Act of 1978 ("ADA") preempted state law. *Id.* The Supreme Court in *Morales* held that injunctive relief against the State of Texas was a remedy available to prevent the State's unlawful attempt to enforce the preempted provisions of the ADA. *Id.* at 381. The opinion does not reference *Noerr-Pennington* or Section 1983. The same is true for *Seals v. McBee*, 898 F.3d 587 (5th Cir. 2018), *NRA of Am., Inc. v. McCraw*, 719 F.3d 338 (5th Cir. 2013) and *Speaks v. Kruse*, 445 F.3d 396 (5th Cir. 2006). None of those cases mention *Noerr-Pennington*, let alone purport to draw a distinction in the doctrine's application to past and future speech. Plaintiffs' attempts to conflate *Noerr-Pennington* immunity with the broader possibility of securing injunctive relief against a public entity are unavailing.

Plaintiffs further posit that dismissal is improper because some hypothetical conduct that has not transpired and may never transpire, namely, the Pennsylvania Defendants' petitioning their own state government, would fall outside of *Noerr-Pennington*'s protections. But the fact of the matter is that the Pennsylvania Defendants have not engaged in that hypothetical conduct and Plaintiffs have

8

not alleged otherwise. Instead, the speech that Plaintiffs seek to restrain is federal government petitioning activity that is still "as crucial to the modern democracy as is that of private parties," and is therefore protected by *Noerr-Pennington*. *Mariana v. Fisher*, 338 F.3d 189, 200 (3d Cir. 2003).

**E.    Plaintiffs' Suit is a Collateral Attack on the Washington Suit Preliminary Injunction.**

Plaintiffs respond, incorrectly, that the collateral attack doctrine does not apply because the claims and relief sought in the Washington Suit are different than the claims and relief sought here. *See* Response at p. 17-18. This argument is misplaced. Whether an action is a collateral attack does not hinge on an identity of claims, arguments or relief.  "Even though an action has an independent purpose and contemplates some other relief, it is a collateral attack <u>if it must in some fashion overrule a previous judgment</u>."  *Miller v. Meinhard-Commercial Corp.*, 462 F.2d 358, 360 (5th Cir. 1972)(emphasis added).

Plaintiffs' Response does not address this authority, which clearly is met in this case. According to Plaintiffs, when the Hon. Robert Lasnik entered the injunction in the Washington Suit, "liberty came to a crashing halt." *See* Motion at Exhibit D, p. 13. And although the injunction was entered against the State Department, and premised on the Administrative Procedures Act, "<u>the direct result of the [injunction] was to render speech that was lawful, unlawful.</u>" *Id.* Accordingly, the "direct result" of the injunction was to render "unlawful" the specific conduct (i.e., publishing the CAD files) that Plaintiffs ask this Court to allow. This Court therefore cannot grant Plaintiffs the ultimate relief they seek without, in some form or fashion, overruling the preliminary injunction that remains in place. *Miller*, 462 F.2d at 360.[4]

**F.    No Additional Leave to Amend is Warranted.**

In the Response, Plaintiffs alternatively request leave to amend their pleadings. *See* Response

---

[4]    Plaintiffs' Response also attempts to conflate the collateral attack and "judicial estoppel" doctrines. Claiming that the latter is inapplicable.  Inasmuch as the Pennsylvania Defendants' Motion rested on collateral attack – and not judicial estoppel – Plaintiffs' estoppel-related arguments are not relevant.

at p. 20. However, Plaintiffs have already amended their complaint in this action. The Court therefore can, and should, assume that Plaintiffs have alleged their "best case," and no further leave to amend is warranted. *See Morrison v. Baton Rouge*, 761 F.2d 242, 246 (5th Cir. 1985). Moreover, for the reasons stated in the Motion and above, no amendment can cure the many defects of the Amended Complaint.

## III.
## <u>CONCLUSION</u>

Accordingly, the Pennsylvania Defendants respectfully request that the Court grant their Motion to Dismiss and dismiss Plaintiffs' claims with prejudice, and for such other and further relief (including the imposition of sanctions against the Plaintiffs), at law or in equity, to which the Pennsylvania Defendants may show themselves to be justly entitled.

Dated: January 4, 2019.                                   Respectfully submitted,


By:      */s/  J. David Cabello*
J. David Cabello
Attorney-in-Charge
Texas Bar No. 03574500
Joshua A. Huber
Texas Bar No. 24065457
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
Telephone: (713) 228-6601
Facsimile: (713) 228 6605
E-mail: dcabello@blankrome.com
E-mail: jhuber@blankrome.com

John D. Kimball (pending pro hac vice)
BLANK ROME LLP
N.Y. Bar No. 1416031
The Chrysler Building
405 Lexington Ave.
New York, NY 10174 (212) 885-5000
E-mail: jkimball@blankrome.com

**ATTORNEYS FOR THE PENNSYLVANIA DEFENDANTS**

10

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing and/or attached document was filed electronically in compliance with Local Rule CV-5(a) on January 4, 2019, and was therefore served on all counsel who are deemed to have consented to electronic service through the Court's CM/ECF system.  Local Rule CV-5(b)(1).


_____*/s/ Joshua A. Huber*_____
Joshua A. Huber