

### *State of New Jersey*

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
PO Box 45029
Newark, NJ 07101

MATTHEW J. PLATKIN
*Acting Attorney General*

MICHELLE L. MILLER
*Director*

April 4, 2022

**<u>Via CM/ECF</u>**
Hon. Anne E. Thompson, U.S.D.J.
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State St.
Trenton, NJ 08608

Re:   ***Defense Distributed, et al. v. Gurbir Grewal,***
      **Civil Action Nos. 19-cv-4753 & 21-cv-9867 (Consolidated)**

Dear Judge Thompson,

Defendant Attorney General of New Jersey ("NJAG") writes to advise the Court of the Fifth Circuit's decision in *Defense Distributed v. Bruck*, No. 21-50327 (5th Cir. Apr. 1, 2022), and to request a status conference before this Court takes any action in response to the decision.

This case involves two constitutional challenges to a New Jersey law limiting the dissemination of computer files to New Jersey residents that would allow anyone with access to 3D printers to make untraceable and undetectable firearms. Defense Distributed is a Texas-based company that seeks to disseminate such files to New Jersey residents. In July 2018, Defense Distributed filed a constitutional challenge to New Jersey's law in Texas district court. In February 2019, Defense Distributed— joined by a series of other plaintiffs—filed a similar challenge in this Court.

On April 19, 2021, the Western District of Texas issued an order transferring the claims Defense Distributed filed against the NJAG in that forum to the District of New Jersey. Because Defense Distributed took no action to stay the order, the



124 Halsey Street • TELEPHONE: (973) 877-1280 • FAX: (973) 648-4887
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

transfer was effectuated the following day. *See* ECF 147, No. 21-cv-9867. On June 11, 2021, this Court granted the NJAG's motion to consolidate the transferred claims with the claims that Defense Distributed brought in Case No. 19-cv-4753. *See* ECF 159, No. 21-cv-9867; ECF 43, No. 19-cv-4753. Meanwhile, Defense Distributed appealed the Western District of Texas's decision to the Fifth Circuit.

On Friday, a split panel of the Fifth Circuit disagreed with the Western District of Texas's 2021 transfer order. The panel majority admitted that because the transfer was effectuated "to a district court outside the Fifth Circuit, a court over which [it] exercises no control," it "lack[ed] power to order a return of the case to our circuit." Slip Op. at 6; *see also* Slip Op. at 32 (Higginson, J., dissenting) (agreeing that panel has "no authority to compel a federal district court in New Jersey to return a case it received and docketed on April 20, 2021," especially because that New Jersey court "took the additional step of consolidating the case it received with its pre-existing, parallel litigation"). Despite that jurisdictional obstacle, however, the panel majority held that it could still "direct[] the transferor district court" in Texas "to *request* that the transferee district court return the case," Slip Op. at 7 (majority op.) (emphasis added), although it could not identify any examples of a federal court actually issuing such a request. Given its disagreement with the transfer, the panel majority required the Texas court to "request" the action be retransferred. Slip Op. at 30.

The NJAG seeks a status conference before this Court responds to the Texas district court's forthcoming request. For one, the NJAG is now considering whether to seek en banc and/or Supreme Court review of the panel majority's decision, which conflicts with previous holdings of the Fifth Circuit and other circuits that the circuit of the transferor court lacks jurisdiction to review a completed transfer. *See, e.g., In re Red Barn Motors*, 794 F.3d 481, 484 & n.4 (5th Cir. 2015); *Chrysler Credit Corp. v. Country Chrysler*, Inc., 928 F.2d 1509, 1518 (10th Cir. 1991). The status quo—in which the consolidated actions against the New Jersey statute remain pending in this Court—should be preserved during that process.

For another, the Fifth Circuit took great pains to explain that *this Court*—not the Fifth Circuit or the Texas district court—will ultimately decide whether this case should be returned to Texas. That will raise difficult questions as to both substance and procedure. As to the former, this Court will have to decide how to best balance a retransfer request against its "own assessment of whether litigation resolving New Jersey law should be decided in Texas." Slip Op. at 36 (Higginson, J., dissenting). And as to the latter, it is not yet clear how exactly a Texas district court will request a case back that sits in New Jersey, or what that would mean for this Court's prior

consolidation of this case with No. 19-cv-4753. These questions will likely require briefing and argument, to give the NJAG a chance to discuss—and to give this Court a chance to review—the considerations of comity, sovereignty, and efficiency.

At the very least, a status conference is warranted to discuss the appropriate next steps before this Court responds to an unprecedented and improper request to undo a completed inter-circuit transfer.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,

MATTHEW J. PLATKIN
ACTING ATTORNEY GENERAL OF NEW
JERSEY

By:    /s/ Tim Sheehan
       Tim Sheehan
       Deputy Attorney General

cc:    All counsel of record (via CM/ECF)