# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Defense Distributed, Second Amendment Foundation, Inc., *Plaintiffs*, <br><br> v. <br><br> Matthew J. Platkin, New Jersey Attorney General, *Defendant*. | No. 3:19-cv-4753 |

**Plaintiffs' Reply in Support of**
**Plaintiffs' Motion to Transfer or Stay**

BECK REDDEN LLP
Chad Flores
cflores@beckredden.com
1221 McKinney Street, Suite 4500
Houston, Texas 77010
(713) 951-3700

HARTMAN & WINNICKI, P.C.
Daniel L. Schmutter
dschmutter@hartmanwinnicki.com
74 Passaic Street
Ridgewood, New Jersey 07450
(201) 967-8040

Counsel for Plaintiffs

# REPLY

## I.  The Court should transfer the case to the Western District of Texas.

Plaintiffs have moved for an order transferring this case back to the Western District of Texas. ECF. No. 78-1. The motion does not hide from the fact that Judge Wolfson already refused to transfer. It fully embraces that reality, expressly seeking reconsideration because the transfer refusal is extraordinarily wrong—so wrong that it constitutes a clear abuse of discretion warranting mandamus relief. *Id.* at 1-5. In light of the mandamus practices addressed in *In re School Asbestos Litigation*, 977 F.2d 764, 795, 798 (3d Cir. 1992) (explaining jurisdictional limits when cases receive a "newly assigned district judge"), the Court deserves a fresh chance to fix the prior grievous errors before Third Circuit mandamus relief must be sought.

Timeliness is no problem. The AG points to a fourteen-day deadline for motions to reconsider. ECF No. 79 at 5. But this motion's justification came into existence only when the case was reassigned on January 17. ECF No. 77. Measured from then, the deadline became January 31. The January 23 filing date is timely.

The AG also wants to know what the Plaintiffs think Judge Wolfson "overlooked," as opposed to what they think she got wrong. ECF No. 79 at 5. But in prior filings that have already been incorporated by reference, *see* ECF. No. 78-1 at 5, Plaintiffs showed both what Judge Wolfson got wrong *and* what she overlooked. Citing chapter and verse, those filings explain that Judge Wolfson

1

overlooked important positions that Defense Distributed and SAF had expressly spelled out in the transfer dispute's original briefs. An example is the issue of whether the requested transfer necessarily entails simultaneous litigation in two cases at once. Judge Wolfson deemed simultaneous litigation an inevitable transfer consequence. But in doing so she overlooked express representations in the Plaintiffs' briefs that defeat that idea, and the overlooking was already called out:

> The July 27 decision reasons that both cases will be prosecuted simultaneously in different courts no matter what. But to the contrary, all Plaintiffs clearly represented otherwise in their brief. The brief filed for all Plaintiffs—including the Non-Texas Plaintiffs—took the position that, if case number 3:21-cv-9867 were transferred back to the Western District of Texas and case number 3:19-cv-4753 left behind in this Court, the Court here could and should stay case number 3:19-cv-4753 until the case in Texas concludes. ECF No. 56 at 3-4, 7. Thus, the decision's premise of simultaneous litigation was wrong when rendered because Plaintiffs had established that they would not pursue it.

Doc. 61-1 at 2. Judge Wolfson overlooked that all along, and so does the AG.

Overlooked arguments are not all that warrant reconsideration. Grievous mistakes in a decision's given reasoning meet the test too, *see* ECF No. 78-1 at 4, and truly grievous mistakes occurred here. The bar for reconsideration is high. But Judge Wolfson's extraordinarily incorrect decision meets the test.

Nothing like Judge Wolfson's repudiation of the Fifth Circuit's retransfer requests has ever happened before. The Court should not let that stand at all, and certainly not passively. Whatever position the Court decides to take should be taken expressly and squarely, upon a full review of the arguments that this motion tees up.

2

**II.     Alternatively, the Court stay the case pending Third Circuit review.**

Alternatively, if the Court refuses the motion to transfer, Plaintiffs move for an order staying this case to allow for Third Circuit review of the transfer decision. *See* ECF No. 78-01 at 5-6.  The test's most important factor is the prevention of irreparable harm, and in this case the calculus is totally one-sided.  Denying the say protects nothing and definitely or probably causes irreparable harm.  Granting the stay either definitely or probably protects against irreparable harm and causes none.

Delaying appellate review until after final judgment does not suffice to prevent irreparable harm because (1) it is not clear that the *harm* (as opposed to just the error) stemming from a wrongful transfer refusal can be effectively shown later, and (2) Plaintiffs will never recover the time and resources spent litigating this case in the wrong forum, only to have the process started over back in Texas after reversal.  Meanwhile the violations of First Amendment rights continue unabated.

The AG's final argument, another delay complaint, ECF No. 79 at 10-11, is wrong.  No cited case deems a mere one-month turnaround unreasonable, and the AG's brief has to concede that the time at issue here is just "over a month." *Id.*  That reality, combined with the Fifth Circuit having *expressly held* that everything Plaintiffs did in that court showed "diligence," *Defense Distributed v. Bruck*, 30 F.4th 414 (5th Cir. 2022), defeats this latest delay complaint with ease.

3

## CONCLUSION

The motion should be granted. The Court should grant the motion to transfer and order that the case be transferred to the United States District Court for the Western District of Texas. Alternatively, the Court should grant the motion to stay and order that the case be stayed (1) for at least seven days from the date of this order, and (2) if at that point Plaintiffs have challenged the transfer decision by petitioning the United States Court of Appeals for the Third Circuit for a writ of mandamus, until the completion of the Third Circuit mandamus proceeding.

Date: February 14, 2023.

BECK REDDEN LLP
Chad Flores
cflores@beckredden.com
1221 McKinney Street, Suite 4500
Houston, Texas 77010
(713) 951-3700

Respectfully submitted,

HARTMAN & WINNICKI, P.C.
s/ Daniel L. Schmutter
Daniel L. Schmutter
dschmutter@hartmanwinnicki.com
74 Passaic Street
Ridgewood, New Jersey 07450
(201) 967-8040

Counsel for Plaintiffs