

**State of New Jersey**

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
PO BOX 080
TRENTON, NJ 08625-0080

MATTHEW J. PLATKIN
*Attorney General*

May 19, 2023

The Honorable Michael A. Shipp, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re:   *Defense Distributed v. Platkin*, 21-cv-9867

Dear Judge Shipp,

In light of this Court's April 26, 2023 Order, ECF 175, and subsequent developments, defendants submit this letter to provide two updates on this matter.

1. The first update is regarding the current status of the docket. Pursuant to Paragraph 3 of the April 26, 2023 Order, Plaintiffs filed a Third Amended Complaint on May 5, 2023 in this docket. ECF 180. Other than removing the United States Department of State defendants and replacing the former New Jersey Attorney General's name, the Third Amended Complaint is substantially identical to the Second Amended Complaint.[1] Thus, pursuant to Paragraph 4 of the April 26, 2023 Order, Defendants refiled the Motion to Dismiss that was originally filed on November 23, 2022. *See* No. 21-cv-9867, ECF 181; No. 19-4753, ECF 69. The only changes in the refiled motion to dismiss brief are brief-cover and citation adjustments (replacing citations to refer to the Third Amended Complaint and removing one citation to a now-withdrawn decision). *See* No. 21-cv-9867, ECF 181-1. After Plaintiffs refile their

---

[1] Plaintiffs also included one additional paragraph regarding venue. *See* ECF 180 ¶ 23 ("For the reasons explained at length already, Plaintiffs submit that the correct venue to which this case should be transferred is the United States District Court for the Western District of Texas. *See* Doc. 78-01.").



Opposition, Defendants will refile the reply brief that was originally filed on December 30, 2022. *See* No. 19-4753, ECF 72, 76.

2. Second, Defendants wish to alert the court to intervening authority relevant to Plaintiffs' dormant commerce clause claim. *See* 3d Amended Compl., ECF 180, ¶¶ 212-21. While this claim never had any merit, *see* Br. ISO Mot. to Dismiss, ECF 181-1 at 22-26, a decision issued last week by the United States Supreme Court forecloses Plaintiffs' claim entirely. *See Nat'l Pork Producers Council v. Ross*, No. 21-468, -- S. Ct. --, 2023 WL 3356528 (2023).

The conflict between this claim and *NPPC* is unavoidable. Plaintiffs argue that although N.J. Stat. Ann. § 2C:39-9(*l*)(2) applies equally to any distributors of printable gun code (not just out-of-state distributors) and applies only to distribution of code "to a person in New Jersey," it nonetheless runs afoul of the commerce clause because of its supposed extraterritorial reach. *See* No. 19-4753, ECF 72 at 35 (arguing the statute is "unconstitutional per se, regardless of whether the statute's extraterritorial reach was intended by the legislature" (internal citation omitted)). But *NPPC* expressly rejected this theory, holding that "state laws that have the practical effect of controlling commerce outside the State, even when those laws do not purposely discriminate against out-of-state economic interests," are not per se violations of the dormant commerce clause. 2023 WL 3356528, at *8. And Plaintiffs' fallback argument based on *Pike v. Bruce Church*, 397 U.S. 137 (1970), also falters, since the *NPPC* court confirmed that the purpose of a *Pike* analysis, like that of all dormant commerce clause analyses, is to smoke out any hidden protectionism. *See NPPC*, 2023 WL 3356528, at *11. Plaintiffs have failed to allege any substantial burden on interstate commerce that suggests this sort of interstate discrimination, as *NPPC* (and its concurring justices) expressly require.

Plaintiffs' dormant commerce theory is wholly unmoored from what the Supreme Court underscored: "the familiar concern with preventing purposeful discrimination against out-of-state economic interests." *Id.* Thus, under *NPPC*, this court must dismiss the dormant commerce clause claim. And it should dismiss the remaining claims in the Third Amended Complaint for the reasons stated in the motion to dismiss.

> Respectfully submitted,
> MATTHEW J. PLATKIN
> ATTORNEY GENERAL OF NEW JERSEY
>
> By:  /s/ Angela Cai
> Angela Cai
> Deputy Solicitor General

cc:   All counsel via ECF