

*State of New Jersey*
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
PO BOX 080
TRENTON, NJ  08625-0080

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

MATTHEW J. PLATKIN
*Attorney General*

June 5, 2023

The Honorable Michael A. Shipp, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re:     *Defense Distributed v. Platkin*, 21-cv-9867

Dear Judge Shipp,

The Attorney General writes to provide an update relating to Plaintiffs' pending Motion to Transfer this matter to the Western District of Texas. *See* ECF 176 (Motion to Transfer or Stay).  As the Court may recall, Plaintiffs sought transfer to that district to rejoin this matter with a pending lawsuit against United States Department of State officials ("USDOS").

On March 15, 2023, the Western District of Texas granted USDOS's motion to dismiss that case. The Texas federal court dismissed the claims without prejudice, and ordered that any amended pleading be filed by March 29, 2023. *See Defense Distributed v. United States Department of State*, No. 18-cv-637, ECF 182 (W.D. Tex. Mar. 15, 2023). The court also noted that as to Plaintiffs' breach of contract claim against USDOS, failure to amend the complaint to plead damages below $10,000 would result in that claim's transfer to the Court of Federal Claims, as required under the Little Tucker Act, 28 U.S.C. § 1346. *Id.* at 15.

Plaintiffs did not file any amended pleading or appeal to the Fifth Circuit by the jurisdictional deadline. *See* Fed. R. App. P. 4(a)(1)(B).  On April 3, 2023, the Western District of Texas entered an order transferring the breach of contract claim to the Court



of Federal Claims, *see* No. 18-cv-637, ECF 183 (W.D. Tex. Apr. 3, 2023), and the Western District of Texas docket is now terminated.

As a result, there are no claims against USDOS remaining in Texas district court. That further undermines Plaintiffs' request to retransfer this case to Texas. While Defendant has already explained why the demand to revisit Judge Wolfson's prior rejection (twice over) of Plaintiffs' motions fails, *see* No. 21-cv-9867, ECF 177, the fact that Plaintiffs no longer have any claims pending against the USDOS in Texas adds yet another. After all, Plaintiffs' own theory of retransfer was predicated on "the interest in judicial economy" that would purportedly be served by combining this case with Plaintiffs' case against USDOS. *See* No. 19-4753, ECF 54, at 4; ECF 56 at 1-2, 4-8. That argument was never sufficient, but it is now untenable, as there is nothing to combine. On the other hand, Plaintiffs agree that New Jersey is a proper venue for their claims against the New Jersey Attorney General regarding the validity of a New Jersey statute. *See* No. 21-cv-9867, 3d Amended Compl., ECF 180 ¶¶ 20-21 ("This Court constitutes a proper venue for this action[.]"). This Court should thus deny Plaintiffs' procedurally improper and substantively erroneous motion to retransfer.

Respectfully submitted,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

By:   /s/  Angela Cai
      Angela Cai
      Deputy Solicitor General

cc:   All counsel via ECF