**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEFENSE DISTRIBUTED *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MATTHEW J. PLATKIN, Attorney General of the State of New Jersey, <br><br> Defendant. | Civil Action No. 21-9867 (MAS) (TJB) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiffs Defense Distributed and Second Amendment Foundation, Inc.'s (collectively, "Plaintiffs") Motion to Transfer or Stay. (ECF No. 176.) Defendant Matthew J. Platkin, the Attorney General of New Jersey ("Defendant") opposed (ECF No. 177), and Plaintiffs replied (ECF No. 178). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons below, the Court denies Plaintiffs' Motion to Transfer or Stay.

**I.   BACKGROUND**

The Court adopts the factual background outlined in its First Transfer Opinion dated July 27, 2022 (First Transfer Op., ECF No. *58[1]) and its Second Transfer Opinion dated October 25, 2022 (Second Transfer Op., ECF No. *66). This is the fourth time Plaintiffs have asked the Court

---

[1] ECF numbers preceded by an asterisk refer to filings in the former lead-case, No. 19-4753, which has since been closed. (*See* ECF No. 175.)

to transfer this case to the Western District of Texas, whether directly or through motions to reconsider. (*See* ECF Nos. *56, *61, *64, 176.) Plaintiffs' efforts revolve around a writ of mandamus issued by the Fifth Circuit. (*See* ECF No. *48.) Specifically, the Fifth Circuit's writ in *Defense Distributed v. Bruck* directed a Texas district court to "request" that the District of New Jersey return this case to Texas nearly a year after it was transferred and consolidated with another action in this District.[2] 30 F.4th 414, 436-37 (5th Cir. 2022).

In June 2022, Plaintiffs first moved to transfer this matter. (Pls.' First Transfer Mot., ECF No. *56.) In July 2022, for the reasons outlined in a 36-page opinion, Chief Judge Wolfson denied Plaintiffs' transfer request. (*See* First Transfer Op.) The same day the denial was issued, Plaintiffs voluntarily dismissed their Complaint in Civ. No. 19-4753 and filed a Motion for Reconsideration of their denied transfer request. (Pls.' Recons. Mot., ECF No. *60-61.) While the reconsideration motion was still pending, Plaintiffs filed a Second Motion to Transfer this matter to the Western District of Texas. (Pls.' Second Transfer Mot., ECF No. *64.) In October 2022, Chief Judge Wolfson denied Plaintiffs' Motion for Reconsideration and Second Motion to Transfer. (Second Transfer Op.)

On January 23, 2023, after two Motions to Transfer and one Motion to Reconsider the denial of a transfer, Plaintiffs filed the instant Motion, labeled a Motion to Transfer, but substantively a Motion to Reconsider Chief Judge Wolfson's Second Transfer Opinion. (Pls.' Third Transfer Mot., ECF No. 176; *see* Pls.' Moving Br. 4, ECF No. 176-1 (asking the Court to "reconsider the prior transfer decisions").) It appears Plaintiffs' only reason for so moving is

---

[2] As previously mentioned, the actions, Civ. No. 21-9867 and Civ. No. 19-4753, have since been deconsolidated after Plaintiffs voluntary dismissed Civ. No. 19-4753. (ECF Nos. *60, 175.) This deconsolidation of actions, however, has no bearing on whether this Court will find transfer more or less appropriate for the reasons articulated in Chief Judge Wolfson's Second Transfer Opinion. (*See generally* Second Transfer Op. 4-7.)

2

because a new judge has been assigned to the case. (Pls.' Moving Br. 4 (asserting that "in light of the case's reassignment, the Court should now reconsider the prior transfer decisions").)

## II. LEGAL STANDARD

Reconsideration under Local Civil Rule 7.1 is "an extraordinary remedy" that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (citations omitted). It requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its decision. *See* L. Civ. R. 7.1(i). To succeed on a motion for reconsideration, a movant must show at least one of three factors: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted [or denied] the motion [at issue]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

A motion for reconsideration is not an opportunity to "ask the court to rethink what it ha[s] already thought through." *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507 (alteration in original) (quoting *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990)). "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Khair v. Campbell Soup Co.*, 893 F. Supp. 316, 337 (D.N.J. 1995)).

## III. DISCUSSION

First, this Court must acknowledge the unprecedented nature of this case. As Chief Judge Wolfson recognized in the First Transfer Opinion, "Plaintiffs do not cite a single case in which a district court requested another district court to retransfer an action, let alone a case where such a

request was granted." (First Transfer Op. 33 n.25.) This Court remains unaware of any such case, and it remains notable that neither Plaintiffs nor the *Bruck* majority opinion "cite[d] any mandamus case, *ever*, reversing a grant of a joint severance and transfer motion." (*Id.* (emphasis in original) (citing *Bruck*, 30 F.4th at 438 (Higginson, J., dissenting)).)

Second, and importantly in the instant matter, the Court doubts Plaintiffs' propriety in bringing the present motion, as this Court's stance on transferring this case was made clear through two different transfer motion denials and one denial of reconsideration. (*See* First Transfer Op. 36; Second Transfer Op. 11.) Plaintiffs had 84 days (12 weeks) to file a writ of mandamus with the Third Circuit between the filing of the Second Transfer Opinion and the reassignment of this case—they chose not to seek such relief.[3] (*See generally* Second Transfer Op.) Instead, Plaintiffs now seek an impermissible second "bite at the apple" in the district court simply because the case has been reassigned.[4] *Compare Tischio v. Bontex, Inc.*, 16 F. Supp. 3d 511, 532 (D.N.J. 1998) (stating that reconsideration motions should not give the parties "an opportunity for a second bite at the apple"), *with* Pls.' Moving Br. 4 (asserting that "in light of the case's reassignment, the Court should now reconsider the prior transfer decisions," but citing no changes in the law, new evidence,

---

[3] Importantly, this fact is also a key reason the Court will not grant Plaintiffs a stay in this matter so that they can seek a writ of mandamus with the Third Circuit. *Infra* Footnote 8. Plaintiffs have already had ample time to seek such writ.

[4] Plaintiffs contend that they are *required* to seek reconsideration of Chief Judge Wolfson's decisions before petitioning the Third Circuit for a writ of mandamus because otherwise the Third Circuit will be unable to consider the writ with a new judge overseeing the case. (Pls.' Moving Brief 4.) In making this argument, Plaintiffs rely on *In re Sch. Asbestos Litigation*. 977 F.2d 764 (3d Cir. 1992). There, the Third Circuit issued a writ to disqualify the presiding district judge and reassign the case to a new judge due to a conflict of interest. *In re Sch. Asbestos Litig.*, 977 F.2d at 798. The Third Circuit did not, however, issue a writ to the then-unknown newly assigned judge regarding future consideration of erroneously denied motions because such writ would be premature before a new judge was assigned to the case. *Id.* at 771, 795. Here, such refusal to consider Plaintiffs' writ is unlikely because unlike *In re School Asbestos Litigation*, the newly assigned judge is not unknown. Moreover, this case does not involve a judge who must be disqualified for a conflict of interest.

4

or overlooked matters). While the Court finds that it would be appropriate to deny Plaintiffs' transfer request as an impermissible second attempt for reconsideration of Chief Judge Wolfson's Second Transfer Opinion, out of an abundance of caution, the Court will consider the merits of Plaintiffs' motion.

When a case in the Third Circuit is reassigned and a newly-assigned judge must reconsider an opinion authored by his or her predecessor, the new judge should apply the same standard they would have if they themselves had written the opinion being reconsidered. *See Onishi v. Chapleau*, No. 20-13001, 2022 WL 980620 (D.N.J. Mar. 31, 2022) (applying traditional reconsideration standard after case had been reassigned); *Essex v. Atena, Inc.*, No. 17-13663, 2020 WL 13560099 (D.N.J. Apr. 20, 2020) (using traditional reconsideration standard for a motion filed after movant's first motion for reconsideration was denied and the case was subsequently reassigned). As previously mentioned, for a plaintiff to succeed on a motion for reconsideration, they must show at least one of three factors: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted [or denied] the motion [at issue]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café*, 176 F.3d at 677 (citation omitted).

Plaintiffs do not identify any intervening change in the controlling law or any new evidence. (*See generally* Pls.' Moving Br.) Instead, they assert only that Chief Judge Wolfson made a clear error of law in denying Plaintiffs' Motion to Transfer.[5] (*Id.* at 2, 4.) Specifically, Plaintiffs argue that Chief Judge Wolfson should have granted transfer because: (1) "*Bruck* is the

---

[5] Notably, Plaintiffs do not explain in detail how they allege Chief Judge Wolfson errs. Plaintiffs assert that "[t]o perform the requested reconsideration . . . the Court need not receive any additional briefing. Plaintiffs' prior filings supply all of the reasons to grant the transfer requests." (Pls.' Moving Br. 5.)

law of the case;" (2) "*Bruck* was rightly decided;" and (3) "apart from whether or not *Bruck* was rightly decided, comity principles compel" this Court to adhere to that decision. (Pls.' Moving Br. 2.) Upon review of Chief Judge Wolfson's decisions, however, the Court finds she made no clear error of law in denying Plaintiffs' Motions to Transfer.

First, it is important to note that regardless of whether *Bruck* was rightly decided, it is not binding on this Court. The Fifth Circuit reiterated a similar point in its most recent opinion regarding Plaintiffs' efforts to transfer this case, stating that "the issuance of the mandamus [in *Bruck*] merely ordered that the district court *request* the return of the case from New Jersey—nothing more." *Def. Distributed v. Platkin*, 55 F.4th 486, 492 (5th Cir. 2022).[6] As such, Plaintiffs' argument that "*Bruck* is the law of the case" is rejected, and therefore, whether *Bruck* was rightly decided is irrelevant to this Court's analysis.[7] (Pls.' Moving Br. 2.) Accordingly, Chief Judge Wolfson's decision denying transfer on grounds that *Bruck* was rightly decided and that it was the law of this case was not a clear error of law.

Second, regarding Plaintiffs' comity doctrine argument, Chief Judge Wolfson reviewed an extensive list of the cases cited by Plaintiffs in contending that comity requires this Court to

---

[6] The Fifth Circuit also noted that "[t]here was a solution to the jurisdictional morass in which Plaintiffs found themselves: They could have moved for a stay of the district court's transfer order before the case was transferred." *Platkin*, 55 F.4th at 492. Yet, Plaintiffs took no such action, and even when the case was transferred to New Jersey, Plaintiffs failed to oppose Defendant's motion to consolidate this matter. That consolidation helped tip the balance further toward denying transfer back to Texas. (*See* First Transfer Op. 8, 30.)

[7] In fact, Third Circuit law does not favor the transfer of this case. In her First Transfer Opinion, Chief Judge Wolfson engaged in an extensive review of the private and public interest factors that the Court must weigh when deciding whether to transfer a case out of the District of New Jersey. (First Transfer Op. 21-33.) Upon analyzing Plaintiffs' transfer request under Third Circuit law (and considering the Fifth Circuit's opinion granting mandamus), Chief Judge Wolfson found that the relevant factors militated again transfer. (*Id.* at 26; Second Transfer Op. 7 (stating that the *Jumara* factors, "such as this Court's familiarity with New Jersey law, New Jersey's interest in the litigation, and lingering disputes regarding personal jurisdiction over the NJAG in the Texas District Court . . . weigh heavily against transfer.").)

transfer this case to Texas and found that all such cases involved a prior *binding* order from another court. (First Transfer Order 33-35.) As just established, this case does not involve any binding order from another court. (*Id.* at 35.) In the Second Transfer Opinion, Chief Judge Wolfson again addressed comity, correctly noting that "this Court is not obligated to apply nonbinding out-of-circuit law in this case, and the doctrine of comity is not a valid means to achieve such a result." (*Id.* at 9.) The Fifth Circuit itself recently noted that although it respects other federal courts, it "cannot embrace an argument [for comity] that would, in effect, allow the decision of an out-of-circuit district court to impel [it] toward 'extraordinary' relief that would be otherwise inappropriate." *All. for Hippocratic Med. v. Food & Drug Admin.*, No. 23-10362, 2023 WL 2913725, at *19 (5th Cir. Apr. 12, 2023). For these reasons, Plaintiffs' contention that comity compels this Court to transfer this matter is rejected. Chief Judge Wolfson did not err in refusing to transfer this matter on comity grounds.

In sum, Plaintiffs do not present any changes in the law, new evidence, or persuasive arguments as to how Chief Judge Wolfson committed clear legal error in refusing Plaintiffs' transfer request. As such, Plaintiffs' motion to reconsider Chief Judge Wolfson's Second Transfer Opinion is denied.

## IV. CONCLUSION

For the foregoing reasons, and for the reasons stated in the First and Second Transfer Orders (ECF Nos. *58, *66), the Court denies Plaintiffs' Motion for Transfer or Stay.[8] The Court will enter an order consistent with this Memorandum Opinion.

*/s/ Michael A. Shipp*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[8] To warrant a stay of this action pending Plaintiffs' hypothetical petition for mandamus, Plaintiffs would need to show they meet the four-factor test for such stays. *See In re Citizens Bank, N.A.*, 15 F.4th 607, 615 (3d Cir. 2021) (articulating test as (1) whether movant is "likely to obtain mandamus relief", (2) whether movant will suffer irreparable harm, (3) "whether a stay would substantially injure" the nonmovant, and (4) the public interest). Plaintiffs provided one sentence addressing these factors; the Court is unpersuaded. (Pls.' Moving Br. 5.) As described above, Chief Judge Wolfson's well-reasoned opinion does not indicate that Plaintiffs are likely to succeed. Additionally, Plaintiffs cite no caselaw in support of their contention that they will suffer irreparable harm. The only case they cite, *In re Citizens Bank*, involved harmful evidence set to be displayed at trial in a matter of weeks. 15 F.4th at 622. No such harm is alleged here. Instead, Plaintiffs' decision not to seek a petition for mandamus in the three months prior to this case's reassignment indicates that any harm they may face is not, in fact, immediate. Since "[t]he first two factors . . . are the most critical" and Plaintiffs have not carried their burden of proof on either, this Court denies their motion to stay. *Id.* at 616.